IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BONNIE BOSTON, on behalf of herself and others similarly situated, ) ) ) | |
| Plaintiff, ) | |
| v. ) ) | Civil Action No. 2:14cv240-WHA |
| HOSPITAL HOLDINGS, INC. d/b/a ) FLORALA COMMUNITY HOSPITAL; ) DR. ROBERT DEVRNJA; and DON ) MUHLENTHALER, ) ) | (wo) |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on a Motion to Dismiss (Doc. #7), filed by the Defendants, Hospital Holdings, Inc.; Dr. Robert Devrnja; and Don Muhlenthaler; and on a Motion to Amend (Doc. #14) filed by the Plaintiff, Bonnie Boston.

The Plaintiff, Bonnie Boston, originally filed a Complaint in this case on April 3, 2014, bringing claims for violation of the Workers' Adjustment and Retraining Notification Act, 29 U.S.C. §2101, et seq. ("WARN Act") and the Fair Labor Standards Act ("FLSA"). The Defendants originally named in the Complaint were Hospital Holdings, Inc. d/b/a Florala Community Hospital; Dr. Robert Devrnja, and Don Muhlenthaler.

The Plaintiff subsequently filed a Motion to Amend, attaching a proposed Amended Complaint brought by Bonnie Boston and Sylvia Wallace on behalf of themselves and all others similarly situated, and naming as Defendants the following:  Hospital Holdings, Inc.; United

1

Florala, Inc. d/b/a Florala Community Hospital;[1] Dr. Robert Devrnja; and the ERX Group, LLC. The claims include a claim under the WARN Act against Hospital Holdings and United Florala (Count One), under the FLSA against United Florala and Robert Devrnja (Count Two), a claim brought under state law for breach of contract against United Florala (Count Three), and a claim for unjust enrichment against the ERX Group, LLC (Count Four).

For reasons to be discussed, the Motion to Amend is due to be GRANTED in part and DENIED in part, and the Motion to Dismiss is due to be GRANTED in part, and DENIED in part as moot, with leave to be refiled.

## II. RELEVANT STANDARDS

### A. MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).

In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted). A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. *Morris*, 843 F.2d at 492. The court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony. *Id.* (citations omitted). Moreover, where the

---

1  The styles of the Complaint and proposed Amended Complaint list "Florala Community Hospital," but the text of the proposed Amended Complaint refers to "Florala Memorial Hospital." To avoid confusion, the court will refer to the hospital as "Florala Hospital."

2

evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff. *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir.1988).

### B.   MOTION TO AMEND

The Federal Rules of Civil Procedure state that leave to amend should be freely given when justice so requires.   Fed. R. Civ. Pro. 15(a). While discretion of whether to grant leave to amend a pleading lies with the trial court, a justifying reason must be apparent for denial of a motion to amend.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).   Grounds for refusal to amend may include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.  *Id.*

### III.   FACTS

The allegations of the Complaint and proposed Amended Complaint, and the submissions of the parties, reveal the following facts relevant to personal jurisdiction:

Defendant Robert Devrnja is a citizen of the State of Tennessee.   He is the President of Hospital Holdings and is on its Board of Directors.   Hospital Holdings is a Tennessee corporation which holds all of the stock of United Florala.   Robert Devrnja is also the President of United Florala.   In an affidavit, Robert Devrnja states that United Florala, Inc., is a wholly-owned subsidiary of Hospital Holdings.   Raymond Lacy ("Lacy") is the sole shareholder of Hospital Holdings.

Dr. Tarik Farrag ("Farrag") was the Chief Medical Director at Florala Hospital.

The Plaintiff, Bonnie Boston ("the Plaintiff"), and the proposed additional Plaintiff, Sylvia

Wallace ("Wallace"), were employees of Florala Hospital until December 27, 2013. On December 27, 2013, Florala Hospital closed. The Plaintiff alleges that the mass layoff or termination of Florala Hospital employees was an intentional attempt to evade liability under the WARN Act, which has certain notice requirements. The Plaintiff, Bonnie Boston, also alleges that she was not compensated for unused vacation time and/or overtime pay. The proposed Amended Complaint further alleges that after Florala Hospital closed, ERX, acting through Edie Devrnja, wife of Robert Devnja, retained payment for services of Florala Hospital for its own use.

## IV. DISCUSSION

Hospital Holdings, Robert Devrnja, and Muhlenthaler have moved for dismissal, arguing that they were improperly served, and that personal jurisdiction does not exist over them in this case. The Amended Complaint attached to the Motion to Amend omits Muhlenthaler as a Defendant and adds United Florala, Inc. d/b/a Florala Community Hospital and the ERX Group, LLC as Defendants.

Because Muhlenthaler has been omitted from the proposed Amended Complaint, and the Plaintiff has not responded to the arguments in favor of dismissal of lack of personal jurisdiction over Muhlenthaler, the court will grant the Motion to Dismiss Muhlenthaler on the basis of a lack of personal jurisdiction.

Because the Motion to Amend was filed while the Motion to Dismiss was pending, in the interest of judicial economy, the court will consider the grounds for the Motion to Dismiss to be reasons articulated by the Defendants why Robert Devrnja and Hospital Holdings should be dismissed for lack of jurisdiction, and also why the amendment to the Complaint is futile.

When a defendant challenges personal jurisdiction, a federal court must undertake a two-part analysis. The court "must evaluate its jurisdiction under the state long-arm statute and

then determine whether jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *Cable/Home Communication Corp. v. Network Productions, Inc*., 902 F.2d 829, 855 (11th Cir.1990).

There are two types of personal jurisdiction: "general" and "specific." There is general personal jurisdiction over a party when "the cause of action does not arise out of ... the [party's] activities in the forum State," but there are "continuous and systematic" contacts between the two. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984). Specific jurisdiction is based on the party's contacts with the forum State that are related to the cause of action. *Id.* at 414 n. 8.

With regard to Robert Devrnja and Hospital Holdings, the Plaintiff contends that there are sufficient minimum contacts for specific and general jurisdiction between the State of Alabama and Hospital Holdings and Robert Devrnja because Robert Devrnja and Lacy conducted business in Alabama as agents of Hospital Holdings. The Plaintiff relies on the Declaration of Farrag, the Chief Medical Director at Florala Hospital. He states in his Declaration that he met with Robert Devrnja and Lacy in person, in Alabama, at Florala Hospital. He states that Robert Devrnja and Lacy negotiated his employment agreement. (Doc. #19-1 at p. 21). He further states that his employment agreement was signed in September 2013 when Robert Devrnja came to the Hospital for a routine visit. (Id. at p.22). Farrag states that nine of out ten times when Robert Devrnja came to Florala Hospital, Lacy was with him. (Id.). He further states that Robert Devrnja was very involved with the operations of Florala Hospital and was the ultimate decision maker, even though Farrag had the title of Chief Medical Director. (Id. at p.23). On December 27, 2013, it was Robert Devrnja who told Farrag that Florala Hospital had closed. (Id. at p.24).

In response to this Declaration, the Defendants contend that the Plaintiff's evidence is

insufficient to meet her burden to establish personal jurisdiction over Hospital Holdings and Robert Devrnja.   The Defendants state that the evidence from Farrag may support personal jurisdiction over some of the business entities involved, but is insufficient under Alabama law to support personal jurisdiction over Robert Devrnja individually.

Under Alabama law, to exercise personal jurisdiction over corporate officers individually, the officers must have engaged in activity that would subject them to the State's jurisdiction. *South Alabama Pigs, LLC v. Farmer Feeders, Inc*., 305 F. Supp. 2d 1252, 1260 (M.D. Ala. 2004)(citing *Thames v. Gunter-Dunn*, 373 So. 2d 640, 641 (Ala. 1979)).   "Acts committed by an officer as an agent of the corporation will not subject the officer to personal jurisdiction," unless the corporate form was a sham to protect the individual, *id.*, an argument which has not been made in this case.

The Plaintiff states that Robert Devrnja's corporate status should not shield him from personal jurisdiction, citing *Calder v. Jones*, 465 U.S. 783, 790 (1984) and *Shrout v. Thorsen*, 470 So. 2d 1222, 1225 (Ala. 1985).   *Calder* and *Shrout*, however, are intentional torts cases, and no tort claim has been asserted against Robert Devrnja in this case.   The claim against Devrnja is brought under the FLSA.   *See Lane v. XYZ Venture Partners, LLC*, 322 F. App'x 675, 679 (11th Cir. 2009) (affirming a dismissal for lack of jurisdiction under Florida's corporate shield doctrine, pointing out that a claim for overtime wages does not sound in tort).   To the extent that the unjust enrichment claim asserted in Count Four of the proposed Amended Complaint sounds in tort, it is brought against ERX, based on actions of Edie Devrnja, not Robert Devrnja. (Doc. #14-1).

The allegations and evidence pointed to by the Plaintiff are solely of acts of individuals as agents of a corporation.   Because the allegations and evidence do not establish that Robert Devrnja acted in a capacity other than as an agent of a corporation, the court concludes that the

amendment to the Complaint is futile to the extent that it continues to include Robert Devrnja as an individual Defendant.   Therefore, Robert Devrnja will be dismissed for lack of personal jurisdiction and the Motion to Amend will be DENIED as to including him as a Defendant.

Evidence of Lacy's and Robert Devrnja's contacts may be sufficient to establish personal jurisdiction over United Florala, Inc. d/b/a Florala Community Hospital and the ERX Group, LLC, but that issue is not before the court.   The remaining Defendant named in the original Complaint, and which the Plaintiff and proposed Plaintiff Boston name in the proposed Amended Complaint, is Hospital Holdings.

The Plaintiff argues that personal jurisdiction exists over Hospital Holdings in this case because Robert Devrnja and Lacy were acting as Hospital Holdings's agents.   The Plaintiff argues that the organizational structure of Hospital Holdings and United Florala means that the two corporate entities cannot be separated.   The Plaintiff contends that Lacy and Robert Devrnja were engaged in active management of Florala Hospital for the benefit of Hospital Holdings, as its fiduciaries.   The Plaintiff has also submitted evidence that Robert Devrnja was an official with the ERX Group, LLC.   (Doc. #19-1).   According to the Plaintiff, the declarations of Robert Devrnja, Lacy, and Farrag establish that Lacy was not an officer of United Florala, but instead was an agent of Hospital Holdings, so that his presence in Alabama was on behalf of Hospital Holdings, Inc. The Defendants, on the other hand, have submitted an affidavit of Lacy in which he states that he is an officer and member of Hospital Holdings, but since 2010 when Hospital Holdings acquired United Florala, he has served as the vice president of United Florala and as a director of United Florala.   (Doc. #23-1 at p.2).

The Plaintiff has argued that if the court is not convinced that personal jurisdiction exists, she must be allowed to conduct limited jurisdictional discovery, citing *Eaton v. Dorchester Dev.,*

7

*Inc.*, 692 F.2d 727, 730 (11th Cir. 1982) (stating that courts have the discretion to order discovery of facts to determine jurisdiction, but that plaintiffs have a qualified right to discovery when jurisdiction is genuinely in dispute). The Defendant opposes this request, stating that the Plaintiff is not entitled to jurisdictional discovery under *Eaton* because the facts are not genuinely in dispute.

It appears to the court that even if the Plaintiff does not have a right to jurisdictional discovery in this case, additional evidence will be helpful in evaluating whether Robert Devrnja's and Lacy's actions in Alabama were taken on the part of Hospital Holdings in addition to other corporate entities. Therefore, the court will allow the Plaintiff to file her Amended Complaint, with the exclusion of Robert Devrnja as a Defendant, and will allow the Plaintiff to conduct jurisdictional discovery on the issue of personal jurisdiction over Hospital Holdings. Having granted the Motion to Amend, the court will deny the Motion to Dismiss by Hospital Holdings as moot, because it is directed to the original Complaint, but will extend the time for Hospital Holdings to Answer or file a new Rule 12 motion.

Accordingly, it is hereby ORDERED as follows:

1. The Motion to Dismiss for lack of jurisdiction (Doc. #7) is GRANTED to the extent that Dr. Robert Devrnja and Don Muhlenthaler are DISMISSED from this case without prejudice.

2. The Motion to Amend (Doc. #14) is DENIED to the extent that the amendment seeks to name Dr. Robert Devrnja as a Defendant, the amendment being futile as to him, for reasons discussed in this opinion.

3. The Motion to Amend (Doc. #14) is GRANTED to the extent that the Plaintiff is given until June 30, 2014 to file an Amended Complaint which is complete unto itself and

which asserts the claims as stated in the proposed First Amended Complaint attached to the Motion to Amend, but modified to delete Dr. Robert Devrnja as a Defendant and any claim against him.

4. The Motion to Dismiss (Doc. #7) is DENIED as moot as to Hospital Holdings, Inc.

5. The parties are given until August 18, 2014 to conduct limited jurisdictional discovery on the issue of personal jurisdiction over Hospital Holdings, Inc.

6. The deadline for Hospital Holdings, Inc. to file an Answer to the Amended Complaint or a Rule 12 Motion to Dismiss for lack of personal jurisdiction is extended until August 18, 2014.

Done this 20th day of June, 2014.

/s/ W. Harold Albritton_____
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE