IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BONNIE BOSTON and | ) | |
| SYLVIA WALLACE, on behalf of | ) | |
| themselves and all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14-cv-240-WHA-SRW |
| | ) | |
| UNITED FLORALA, INC. dba | ) | |
| Florala Memorial Hospital, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS

COMES NOW Defendant United Florala, Inc. ("UFI"), by and through counsel, and moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claims against it in Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted. As grounds for this Motion, Defendant UFI states as follows:

## FACTS AND PROCEDURAL HISTORY

Plaintiff Bonnie Boston filed her original Complaint [Doc. 1] in this matter against Hospital Holdings, Inc., Dr. Robert Devrnja, and Don Muhlenthaler alleging violations of the Fair Labor Standards Act (the "FLSA") and the Worker Adjustment and Retraining Notification Act (the "WARN Act"). All three of the original Defendants filed a Motion to Dismiss [Doc. 7] for lack of personal jurisdiction, and Plaintiff filed a Motion to Amend [Doc. 14] her Complaint.

On June 20, 2014, the Court granted the Motion to Dismiss with respect to Dr. Robert Devrnja and Don Muhlenthaler. In its Memorandum Opinion and Order [Doc. 24], the Court also permitted the Plaintiff to amend her Complaint and to conduct limited jurisdictional discovery on

the issue of personal jurisdiction over Hospital Holdings, Inc. On June 30, 2014, Plaintiffs (now Bonnie Boston and Sylvia Wallace) filed their First Amended Complaint [Doc. 25] alleging (1) violations of the WARN Act against Hospital Holdings, Inc. and United Florala, Inc.; (2) violations of the FLSA against United Florala, Inc.; (3) state law breach of contract against United Florala, Inc., and (4) a state law claim for unjust enrichment against The ERx Group, LLC.

This Court has previously dismissed The ERx Group, LLC from this case pursuant to Fed. R. Civ. P. 12(b)(6), as well as Hospital Holdings, Inc. pursuant to Fed. R. Civ. P. 12(b)(2). See Orders dated August 22, 2014 [Doc. 42] and September 18, 2014 [Doc. 47], respectively. Plaintiffs have also voluntarily dismissed their WARN Act claims. See Notice of Voluntary Dismissal [Doc. 50]; see also Order dated October 16, 2014 [Doc. 51] (dismissing WARN Act claims). The only remaining defendant in this case is UFI, against which Plaintiffs continue to allege violations of the FLSA and state law claims for breach of contract. For the reasons stated below, all of Plaintiffs' claims against UFI should be dismissed for failure to state a claim upon which relief can be granted.

## MOTION TO DISMISS STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) "tests the legal sufficiency of the complaint," Jarrett v. Alexander, 235 F. Supp. 2d 1208, 1210 (M.D. Ala. 2002), and will be granted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Ed. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

> A motion to dismiss also requires compliance with some minimal pleading standards. Indeed, although a plaintiff's complaint generally need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), the plaintiff must still allege "enough facts to state a

> claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550
> U.S. 544, 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). And "[a] claim has
> facial plausibility when the plaintiff pleads factual content that allows the court to
> draw the reasonable inference that the defendant is liable for the misconduct
> alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 1950, 173 L.Ed.2d 868
> (2009). The plaintiff must provide "more than labels and conclusions, and a
> formulaic recitation of the elements of a cause of action will not do." *Twombly*,
> 550 U.S. at 559, 127 S.Ct. 1955. Nor does it suffice if the pleadings merely leave
> "open the possibility that a plaintiff might later establish some set of undisclosed
> facts to support recovery." *Id.* at 561, 127 S.Ct. 1955.

<u>Cardwell v. Auburn Univ. Montgomery</u>, 941 F. Supp. 2d 1322, 1330 (M.D. Ala. 2013).

## ARGUMENT

**I.      Because United Florala, Inc. operated as a hospital, namely Florala Memorial Hospital, Plaintiffs' FLSA allegations cannot state a claim for which relief may be granted and must therefore be dismissed.**

The <u>only</u> allegation in Plaintiffs' First Amended Complaint in support of their FLSA cause of action is that UFI paid overtime to employees based on an 80-hour pay period rather than a 40-hour pay period. <u>See</u> First Am. Compl. ¶ 29 ("Throughout their employment, Plaintiffs and others similarly situated were not paid overtime at the appropriate rates for working in excess of 40 hours in any week."); First Am. Compl. ¶ 30 ("Instead, Plaintiffs and others similarly situated were paid overtime only if their hours worked exceeded 80 in any pay period."); First Am. Compl. ¶ 86 ("Defendant United had a policy and or practice of not paying time and one half employees [sic] regular rate of pay for all hours worked in excess of 40 in a week. Defendant United instead had a policy and practice of only paying for overtime if an employee's hours exceeded eighty (80) in a pay period.").

While such statements of fact, if taken as true, would ordinarily state a claim for violation of the FLSA, the FLSA provides a special exception permitting hospitals to use a two-week, 80-hour per week pay period for purposes of computing overtime compensation:

3

> No employer engaged in the operation of a hospital or an establishment which is an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises shall be deemed to have violated subsection (a) of this section if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, a work period of fourteen consecutive days is accepted in lieu of the workweek of seven consecutive days for purposes of overtime computation and if, for his employment in excess of eight hours in any workday and in excess of eighty hours in such fourteen-day period, the employee receives compensation at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. 207(j); see also 29 C.F.R. § 778.601(a) (describing the 80-hour per pay period overtime threshold for hospitals as an "exemption from the general requirement … that overtime compensation be computed on a work-week basis").

Plaintiffs have admitted that UFI operated as a hospital when it employed Plaintiffs and others similarly situated by describing UFI's operations as a "hospital" throughout the First Amended Complaint. See, e.g., First Am. Compl. ¶¶ 9, 58, 72, 112. Thus, for purposes of testing the legal sufficiency of the First Amended Complaint under Fed. R. Civ. P. 12(b)(6), it is undisputed that UFI could utilize the exemption set forth in 29 U.S.C. § 207(j). Because Plaintiffs' only assertion in support of their FLSA claim is that UFI paid overtime based on an eighty-hour pay period rather than a forty-hour pay period, no possible construction of the factual allegations in the First Amended Complaint could ever support a legitimate cause of action under the FLSA. For this reason, Plaintiffs' FLSA claims should be dismissed.

**II.    Because Plaintiffs' FLSA claims are due to be dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law breach of contract claims.**

In their First Amended Complaint, Plaintiffs allege that subject matter jurisdiction in this case "is predicated upon 28 U.S.C. §1331 and the provisions of the WARN Act, 29 U.S.C. §§ 2101, et seq. as well as the FLSA, 29 U.S.C. §201 et seq. and specifically the collective action provision of the Act found at §216(b)." First Am. Compl. ¶ 6. The First Amended Complaint

cites only two federal claims upon which federal question jurisdiction could exist in this case – Plaintiffs' WARN Act and FLSA claims. Plaintiffs have voluntarily dismissed their WARN Act claims, see Notice of Voluntary Dismissal [Doc. 50], and, as demonstrated above, Plaintiffs' purported FLSA claims must be dismissed for failure to state a claim upon which relief can be granted.

Under such circumstances, state law claims brought in federal court under the supplemental jurisdiction provisions of 28 U.S.C. § 1367 should be dismissed when all federal claims have been dismissed previously. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); see also Brooks v. Rothe, 577 F.3d 701, 709 (6th Cir. 2009) (stating that supplemental state law claims "generally should be dismissed as well" when all federal claims have been dismissed). Applying this well-settled jurisdictional principle, this Court has routinely dismissed a plaintiff's pendent state law claims after having dismissed all of the plaintiff's federal claims prior to trial. See, e.g., Barnes v. City of Dothan, 842 F. Supp. 2d 1332, 1339 (M.D. Ala. 2012); Coleman v. Ala. State Univ., 904 F. Supp. 2d 1245, 1259 (M.D. Ala. 2012). Accordingly, Plaintiffs' state law breach of contract claim should be dismissed together with Plaintiffs' FLSA claim.

WHEREFORE, Defendant United Florala, Inc. requests that this Court dismiss all claims against it with prejudice from this case pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted this 20th day of October, 2014.

/s/ *Michael Ryan Franz*
Michael Ryan Franz (ASB-7531-G57R)
LACY, PRICE & WAGNER, PC
249 N. Peters Rd., Suite 101
Knoxville, TN 37923
(865) 246-0800
*Attorney for Defendant United Florala, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama by using the CM/ECF system, which will automatically send notification of this filing to the following, on this the 20th day of October, 2014:

Gregory O. Wiggins, Esq.
Robert J. Camp, Esq.
Wiggins Childs Pantazis Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

/s/ *Michael Ryan Franz*
Michael Ryan Franz (ASB-7531-G57R)
LACY, PRICE & WAGNER, PC

6