IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BONNIE BOSTON and SYLVIA WALLACE, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2:14-cv-240-WHA-SRW |
| UNITED FLORALA, INC. dba Florala Memorial Hospital, | ) ) ) | |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION

COMES NOW Defendant United Florala, Inc., by and through counsel, and submits its Response in opposition to Plaintiffs' Motion for Conditional Certification and to Facilitate Notice Pursuant to § 216(b) of the Fair Labor Standards Act (the "Motion") [Doc. 68]. Collective action certification is inappropriate in this case, among other reasons, because the named Plaintiffs are not "similarly situated" to potential opt-in plaintiffs. In opposition to Plaintiffs' Motion, Defendant would state to the Court as follows:

### PROCEDURAL BACKGROUND

After this Court's prior dismissal of several other defendants and causes of action originally advanced by Plaintiffs, the only claims remaining in this lawsuit are claims under the Fair Labor Standards Act ("FLSA") for alleged unpaid overtime compensation and state law breach of contract claims for unpaid accrued vacation and paid time off, both asserted against Defendant United Florala, Inc. ("UFI" or "Defendant").

On February 13, 2015, Plaintiffs filed their Motion [Doc. 68] seeking conditional collective action certification under the FLSA for a collective action class consisting of:

> All persons who are or were employed at Florala Memorial Hospital's campus: 1) in the three year period preceding the filing of this motion; 2) who were paid on an hourly basis; and 3) while paid on an hourly basis, worked in excess of 40 hours in any seven day workweek.

Motion at 1. Plaintiffs seek court-authorized notice to other employees of UFI who fit the description above, though Plaintiffs have not yet submitted to the Court their proposed notice to potential opt-in plaintiffs or their proposed opt-in form.

## ARGUMENT

**I.    Conditional collective action certification is not appropriate because Plaintiffs have not satisfied their burden of showing similarity of class members.**

Plaintiffs' Motion should be denied, and Plaintiffs' FLSA claims should appropriately continue on an individual basis. Although 29 U.S.C. § 216(b) provides federal courts with the authority to conditionally certify and send notice to a proposed class, such authority should only be exercised with discretion in appropriate cases. See Hoffman-LaRoche v. Sperling, 493 U.S. 482 (1989); Mooney v. Aramco Servs. Co., 54 F.3d 1207 (5th Cir. 1995). This discretion should not be exercised when, as here, plaintiffs have not met their burden of demonstrating that they are similarly situated to prospective opt-in plaintiffs and individual issues predominate over collective issues affecting the class as a whole. See Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265, 1272 (M.D. Ala. 2004).

Plaintiffs correctly note that the Eleventh Circuit utilizes a two-tiered approach for collective action certification under § 216(b). See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001). The first step requires the Court to determine whether the named plaintiff(s) are "similarly situated" to members of the putative class. Id. at 1217. Although the

2

standard for making this determination is "lenient," courts nonetheless require "substantial allegations that the employees were subjected to a single decision, policy, or plan." Mooney, 54 F.3d at 1214, n.8. Establishing the existence of a "single decision, policy, or plan" and similarity of class members are not mere formalities. See Badgett v. Texas Taco Cabana, L.P., 2006 WL 2934265 at * 2 (S.D. Tex. Oct. 12, 2006); see also Horne v. United Servs. Auto. Ass'n, 279 F. Supp. 2d 1231, 1234 (M.D. Ala. 2003) ("[A] plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions, because without such a requirement, it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse").

Moreover, while Plaintiffs do not have to show that their position is "identical" to the positions held by the putative class members, they must affirmatively show that their position is at least "similar" to those in the proposed class. See, e.g., Hipp, 252 F.3d at 1217; see also Rodgers v. CVS Pharmacy, Inc., 2006 WL 752831, *5 (M.D. Fla. Mar. 23, 2006) ("Although Plaintiff is not required to demonstrate that his position is identical to the putative class plaintiffs, he must demonstrate similarity based on more than generalized allegations."). Conditional class certification is not appropriate if the plaintiffs' allegations relate to "specific circumstances personal to the [individual plaintiffs] rather than any generally applicable policy or practice." Holt, 333 F. Supp. 2d at 1272. If Plaintiffs fail to satisfy their burden, judicial economy is not served by a collective action, and the Court should deny Plaintiffs' request for notice.

"[T]he burden is on the plaintiffs to make an evidentiary showing that they and the proposed class are similarly situated, not on the defendants to disprove such similarity." Saxton v. Title Max of Ala., Inc., 431 F. Supp. 2d 1185, 1188 (N.D. Ala. 2006) (quoting Reed v. Mobile

3

County. Sch. Sys., 246 F. Supp. 2d 1227, 1232 (S.D. Ala. 2003)). Plaintiffs must make "substantial and detailed allegations of FLSA violations and provide evidence to support" the similarly situated allegations. See Ledbetter v. Pruitt Corp., 2007 WL 496451, *4 (M.D. Ga. 2007) (quoting Harper v. Lovett's Buffet, 185 F.R.D. 358, 364 (M.D. Ala. 1999)). Here, Plaintiffs' Motion is due to be denied because they have offered no more than generalized unsupported allegations which do not demonstrate that they are similarly situated to all members of the proposed class.

Plaintiffs have failed to meet even the lenient standard for "stage 1" conditional collective action certification because they have failed to demonstrate that their claims are similarly-situated to those of potential opt-in plaintiffs. In support of their Motion, Plaintiffs have submitted seven declarations [Docs. 68-1 through 68-7] from the two named Plaintiffs and five opt-in plaintiffs. All seven declarations contain more or less the same content and wording and contain nothing more than the same conclusory, fact-devoid allegations of unpaid overtime compensation contained in the Second Amended Complaint [Doc. 61].

All seven declarations state that the declarant was not paid overtime for hours worked in excess of forty in each seven-day workweek, but not a single declaration contains any fact supporting this assertion beyond simply stating that overtime was not paid. None of the seven declarants has provided even a single piece of evidence supporting this claim. Furthermore, all seven declarants state that they are personally aware that several other employees of Florala Memorial Hospital were not paid overtime for hours worked in excess of forty in a seven-day workweek, yet none of the declarations provides any basis whatsoever for this alleged knowledge of similar FLSA violations against other employees of the hospital. These bare-bones declarations do nothing more than parrot the allegations of the Second Amended Complaint and

are clearly insufficient to provide "an evidentiary showing that [the Plaintiffs] and the proposed class are similarly situated." See Saxton, 431 F. Supp. 2d at 1188. In similar circumstances, other courts have denied certification due to such vague, generalized, unsupported statements. See Armstrong v. Weichert Realtors, No. 05-3120 (D.N.J. May 19, 2006) (preliminary certification denied where the supporting declaration made vague, general statements about other employees but failed to define those to whom the affiant referred and how he had knowledge of them); Harrison v. McDonald's Corp., 411 F. Supp. 2d 862, 865-66 (S. D. Ohio 2005).

      Furthermore, Plaintiffs' own declarations demonstrate that the declarants themselves are not similarly situated based on the widely varying tasks for which they allege they are owed overtime compensation. Among the declarants are a medical records clerk [Doc. 68-1], two licensed practical nurses [Docs. 68-2 and 68-4], a dietary manager [Doc. 68-3], a housekeeper [Doc. 68-5], a registered nurse [Doc. 68-6], and a registration clerk [Doc. 68-7]. In addition to the factual deficiencies of these declarations as described above, none of the seven declarations contains anything to suggest that any alleged failure to pay overtime compensation would have occurred across numerous hospital departments, affecting employees with widely-ranging job responsibilities, hours worked, and rates of pay. Plaintiffs' Motion and accompanying declarations contain no allegations to show the Court that a nurse working emergency room shifts on an as-needed basis would be similarly-situated to an administrative employee working standard 9-5 workdays. Plaintiffs' collective action description of all employees "paid on an hourly basis" includes numerous individuals who are not similarly-situated to one another. "[W]hen there are significant differences in employment experiences, … the procedural advantages of a collective action evaporate[.]" Johnson v. Big Lots Stores, Inc., 561 F. Supp. 2d 567, 588 (E.D. La. 2008).

Because Plaintiffs have not made even a modest factual showing that any employee of Defendant was actually denied proper payment of overtime compensation, that employees with vastly different job responsibilities are similarly situated, or that all employees of Defendant were subjected to a single policy or practice denying them overtime compensation, collective action certification is inappropriate – even at the conditional stage – and Plaintiffs' Motion should be denied for lack of a showing of "similarly-situated" potential opt-in plaintiffs. Plaintiffs' claims should proceed on an individual basis, where the separate department structures, pay practices, and job responsibilities of each individual prospective plaintiff can be considered appropriately.

**II.     The proposed collective action class is not sufficiently numerous to justify collective action treatment.**

In addition to not being similarly situated to one another, Plaintiffs' proposed collective action class is too small to realize any of the benefits of judicial economy that ordinarily accompany FLSA collective action cases. Plaintiffs admit in their declarations, see, e.g., Boston Decl. [Doc. 68-1] ¶ 12, that there were only approximately fifty individuals employed by Defendant at any one time. See also Lacy Aff. ¶ 7 [Doc. 38-1]; Devrnja Aff. ¶ 10 [Doc. 38-2]. Even if as many as one-hundred individuals worked for UFI during the entire three-year period immediately preceding the filing of Plaintiff's Motion, Plaintiffs could only expect an additional handful of plaintiffs to opt-in. See Altier v. Worley Catastrophe Response, LLC, No. 11-241 c/w 11-242, slip op. at 53 (E.D. La. Jan. 18, 2012) (citing studies finding that both the average and median opt-in rates in FLSA collective action cases are around fifteen percent).

Furthermore, the informal notice of this lawsuit already provided by Plaintiffs precludes any need for a collective action. As discussed above, the proposed collective action class is very small, and Plaintiffs' declarations each provide a list of other UFI employees who "will join this

litigation if they are given court approved notice of it and an opportunity to join." See Boston Decl. [Doc. 68-1] ¶ 13 (listing the names of thirty-four potential opt-in plaintiffs). In order for Bonnie Boston to represent under penalty of perjury that each of these thirty-four potential opt-in plaintiffs would join this lawsuit if given the opportunity, she must have already discussed the lawsuit with each of them. The other six declarants listed an additional seven individuals who supposedly would opt-in if given the opportunity.

Nothing is preventing these forty-one individuals from filing opt-in forms at any time, as several others besides the two named Plaintiffs have already done in this case. Rather, the Plaintiffs' declarations show that between approximately one-third to one-half of the entire proposed collective action class either has already opted-in or has been provided with an opportunity to learn about and determine whether to opt into the lawsuit. Since Plaintiffs have already undertaken widespread informal notice to potential opt-in plaintiffs, there is no need for court-supervised notice now. Also, where, as in this case, court supervised notice has been short-circuited by informal notice to putative plaintiffs prior to court approval, courts have held that plaintiffs must meet a stricter standard of proving that the putative plaintiffs are similarly situated. See Williams v. Accredited Home Lenders, Inc., No. 1:05-CV-1681-TWT (N.D. Ga. July 25, 2006). Defendants submit that Plaintiff here should also be held to this stricter standard of proof for determining whether certification is appropriate; nevertheless, under either standard, Plaintiffs cannot show that they are similarly situated to the other individuals they seek to notify.

**III.    Defendant reserves the right to object to Plaintiffs' proposed opt-in notice and opt-in consent form, which were not filed with the Motion.**

Finally, Defendant notes that Plaintiffs did not file a copy of their proposed opt-in notice or opt-in consent form with their Motion. Plaintiffs seeking conditional collective action certification often file a copy of their proposed notice and proposed opt-in consent form with

their motion, and the Court then considers the defendants' objections to the form of the notice when it issues a ruling on conditional certification of the collective action. See, e.g., Earle v. Convergent Outsourcing, Inc., No. 2:12-CV-1050-WKW, slip op. at 14-20 (M.D. Ala. Sept. 5, 2013) (resolving various objections to proposed notice in same opinion granting conditional collective action certification). Since Plaintiffs have not yet filed their proposed notice or consent form, Defendant reserves the right to object to the content and form of the notice and opt-in forms in the event the parties cannot agree on those issues.

WHEREFORE, Defendant United Florala, Inc. requests that this Court deny Plaintiffs' Motion, decline to certify this civil action as an FLSA collective action, and allow the Plaintiffs' claims to proceed on an individual basis.

Respectfully submitted this 2nd day of March, 2015.

/s/ *Michael Ryan Franz*
Michael Ryan Franz (ASB-7531-G57R)
LACY, PRICE & WAGNER, PC
249 N. Peters Rd., Suite 101
Knoxville, TN 37923
(865) 246-0800
*Attorney for Defendant United Florala, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama by using the CM/ECF system, which will automatically send notification of this filing to the following, on this the 2nd day of March, 2015:

Gregory O. Wiggins, Esq.
Robert J. Camp, Esq.
Wiggins Childs Pantazis Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

/s/ *Michael Ryan Franz*
Michael Ryan Franz (ASB-7531-G57R)
LACY, PRICE & WAGNER, PC