IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BONNIE BOSTON and SYLVIA WALLACE,)<br>on behalf of themselves and all others      )<br>similarly-situated,                                           )<br>                    Plaintiffs,                             )<br>v.                                                                    )<br>                                                                      )<br>UNITED FLORALA, INC. d/b/a Florala        )<br>Memorial Hospital;                                        )<br>                                                                      )<br>                    Defendants.                           ) | Civil Action No. 2:14cv240-WHA<br><br>(wo) |

**MEMORANDUM OPINION AND ORDER**

**I.   FACTS AND PROCEDURAL HISTORY**

This cause is before the court on the Plaintiffs' Motion for Conditional Class Certification and to Facilitate Notice Pursuant to the Fair Labor Standards Act ("FLSA") (Doc. #68).

Bonnie Boston and Sylvia Wallace ("the Plaintiffs"), on behalf of themselves and all others similarly-situated ("the Plaintiffs") have brought a claim for denial of overtime compensation under the FLSA and move for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) as follows:

> All persons who are or were employed at Florala Memorial Hospital's campus: (1) in the three year period preceding the filing of this motion; (2) who were paid on an hourly basis; and (3) while paid on an hourly basis, worked in excess of 40 hours in any seven day workweek.

The Plaintiffs and the potential collective action members in this case were employed with the Defendant in various positions, but they state that they were hourly workers who were subjected to the Defendant's common pay practice of failing to compensate employees at overtime rates for all hours worked in excess of 40 in a workweek.   The Plaintiffs have provided

Declarations which state that the Defendant only paid overtime if the hours worked exceeded 80 hours in a pay period.  (Doc. #68-1, 2).  The Plaintiffs further state in their Declarations that they did not enter into an agreement that Florala Memorial would use a fourteen day period to calculate overtime.  (Doc. #68-1, 2).  They also state that their observed other hourly employees who were paid in the same way. (Doc. #68-1, 2).  They state that to their knowledge there have been more than fifty co-workers subjected to the illegal practice, and that the number likely exceeds 100. (Doc. #68-1, 2).

In its Answer to the Amended Complaint, the Defendant states that it was entitled to pay overtime in accordance with 29 C.F.R. §778.601(a), which permits a 14–day period to be established for the purpose of computing overtime compensation by an agreement or understanding between an employer engaged in the operation of a hospital or residential care establishment and its employees.[1]   (Doc. #62 at ¶55).

The Defendant opposes conditional certification.  Although it challenges whether there are sufficient similarly-situated employees and evidence of a denial of overtime pay, among other

---

1 29 C.F.R. §778.601(a) provides in full as follows:
Section 7(j) of the Act provides, for hospital and residential care establishment employment, under prescribed conditions, an exemption from the general requirement of section 7(a) that overtime compensation be computed on a workweek basis. It permits a 14–day period to be established for the purpose of computing overtime compensation by an agreement or understanding between an employer engaged in the operation of a hospital or residential care establishment, and any of his employees employed in connection therewith. The exemption provided by section 7(j) applies: if, pursuant to an agreement or understanding arrived at between the employer and employee before performance of the work, a work period of 14 consecutive days is accepted in lieu of the workweek of 7 consecutive days for purposes of overtime computation and if, for his employment in excess of 8 hours in any workday and in excess of 80 hours in such 14–day period, the employee receives compensation at a rate not less than one and one-half times the regular rate at which he is employed.

2

things, the Defendant does not challenge the Plaintiffs' definition of the collective action to be conditionally certified.

## II.  DISCUSSION

District courts have discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to 29 U.S.C. § 216(b). *Hipp v. National Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b), like the decision to certify a class under Rule 23, remains soundly within the discretion of the district court").  The power to authorize notice must, however, be exercised with discretion and only in appropriate cases.  *See Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983).

The Eleventh Circuit has adopted a two-stage procedure for district courts to manage FLSA cases.  *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260-61 (11th Cir. 2008). The first step is the notice stage. *Hipp*, 252 F.3d at 1218.  At that stage, the district court determines whether other similarly-situated employees should be notified. *Id.*  In the absence of statutory or regulatory guidance as to when discretion to authorize notice to "similarly-situated" employees is to be exercised, the Eleventh Circuit has held that a district court should make certain determinations before allowing an individual plaintiff to give notice to other potential members of a Plaintiffs class under the FLSA.  *Morgan*, 551 F.3d at 1260.  Specifically, "the district court should satisfy itself that there are other employees of the defendant-employer who desire to 'opt-in' and are 'similarly situated' with respect to their job requirements and with regard to their pay provisions."  *Dybach v. Florida Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). The Eleventh Circuit has clarified, however, that courts are to determine whether employees "are

3

similarly situated—not whether their positions are identical." *Morgan*, 551 F.3d at 1260. A plaintiff has the burden of showing a "reasonable basis" for his claim that there are other similarly-situated employees. *Id.* This standard has been described by the Eleventh Circuit "not particularly stringent," "fairly lenient," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." *Id.* at 1260-61. The Plaintiffs have the burden of demonstrating a reasonable basis for crediting the assertion that aggrieved individuals exist in the class they propose. *See Haynes*, 696 F.2d at 887. This first step is also referred to as conditional certification since the decision may be reexamined once the case is ready for trial. *Morgan,* 551 F.3d at 1261. The second stage is triggered by an employer's motion for decertification and is less lenient, with the plaintiff bearing a heavier burden. *Id.*

In this case, the Plaintiffs have presented their own Declarations in which they state that they were employed by Florala Memorial Hospital and were not paid overtime compensation if they worked in excess of forty hours in a seven day workweek, unless the number of hours they worked exceeded eighty hours in a pay period. (Doc. #68-1 at ¶8, 68-2 at ¶8). They also state that they did not enter into an agreement that Florala Memorial would use a fourteen consecutive day period to calculate overtime instead of a seven day period. (Doc. #68-1 at ¶9, 68-2 at ¶9). The Plaintiffs have submitted Declarations from additional employees which make similar statements. (Doc. #68-3-7). The Declarations state that they personally observed hourly employees not receiving overtime unless they worked in excess of eighty hours in a pay period, and identify a list of other employees whom the Declarants say will join the suit. (Doc. #68-1-7). The Declarants state that there have been more than fifty employees subject to the Defendant's overtime practice. (Doc. #68-1 at ¶12, Doc. #68-2 at ¶12). They state that the number likely

4

exceeds 100, due to the turnover of employees they observed. (Doc. #68-1 at ¶12, Doc. #68-2 at ¶ 12).

The Defendant argues that conditional certification should be denied in this case on these bases: there has been no factual showing that any employee was denied overtime compensation, the Declarants are not similarly-situated because they claim they are owed overtime compensation for widely-varying tasks and there is no showing of a single policy or practice denying them overtime compensation, and the proposed collective action is not sufficiently numerous to justify collective action treatment because there were only approximately fifty individuals employed by the Defendant at one time and the Plaintiffs can only expect a handful to opt in. Finally, the Defendants argue for a stricter standard of proof in this case, stating that the Plaintiffs have already undertaken widespread informal notice, and citing *Williams v. Accredited Home Lenders*, No. 1:05cv1681-TWT, 2006 WL 2085312 (N.D. Ga. July 25, 2006). The court will address each of these objections to conditional certification in turn.

As to the argument that the Plaintiffs have not presented adequate factual proof that they were denied overtime, the Eleventh Circuit has made it clear that the Plaintiffs' burden at stage one of conditional certification is to make detailed allegations supported by affidavits which successfully engage the defendant's affidavits to the contrary. *Hipp*, 252 F.2d at 1219 (citing *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)). That standard has been met in this case because the Plaintiffs have submitted Declarations which state that they did not receive overtime pay, and no contrary evidence has been cited by the Defendant. The court is not persuaded that a case cited by the Defendants, *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865-866 (S.D. Ohio 2005) (stating that it would not consider hearsay evidence of other

employees),[2] assuming the court were to follow it, requires a different result because the Plaintiffs and other Declarants in this case have offered statements of personal knowledge about having been denied overtime pay pursuant to the Defendant's practice.

The Defendant's argument that the Plaintiffs have not shown that potential collective action members are sufficiently similarly-situated is that no single practice has been identified which applies to the employees, and the potential members held different positions.

This court has determined in a previous case in which a plaintiff sought to bring a collective action on behalf of people in various positions including servers, cooks, and busboys, that the factual or legal nexus for employees to be "similarly-situated" was met because an employment practice applied to all of those employees. *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 364 (M.D. Ala. 1999). In that case, this court concluded that the job requirements of the plaintiffs' positions were not in issue, and that because the plaintiffs had "provided evidentiary support that they, like other members of the putative opt-in plaintiff class, were the victims of employment practices . . . which resulted in these violations," the court would certify the collective action. *Id.* at 364, 365. Similarly, the Fifth Circuit Court of Appeals has recognized that similarity can be established at the notice stage by a substantial allegation that collective action "members were together the victims of a single decision, policy, or plan." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir.1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

The same analysis applies in this case. The Plaintiffs have provided Declarations as evidence that hourly employees were not paid overtime for hours over 40 in a workweek due to the

---

2 The Defendant also cites to *Armstrong v. Weichert Realtors*, No. 05-3120 (D. N.J. May 19, 2006) but does not attach a copy of the unpublished opinion.

6

Defendant's practice of not paying overtime unless an employee's hours exceeded 80 within a two-week pay period.  The Defendant itself has identified this practice, asserting in its Answer that it was entitled to pay overtime based on a period other than a seven-day workweek under 29 C.F.R. §778.601(a).   (Doc. #62 at ¶55).   This practice is identified in the Declarations as applying regardless of the job title or duties of the Declarant.   Therefore, contrary to the Defendant's characterization, it is not the duties of the job which the Plaintiffs contend make the employees similar, but rather it is the application to hourly employees, regardless of their job duties, of a single employment practice by the Defendant which makes the employees similar. Accordingly, the court concludes that the similarly-situated threshold has been met for purposes of the first stage of FLSA collective action certification.

In response to the argument by the Defendant that the number of persons within the proposed collective action is not sufficiently numerous, the Plaintiffs have pointed out that the number of potential collective action members they have identified exceeds the minimum number referenced by the Eleventh Circuit under the higher standard required for Federal Rule of Civil Procedure 23 class certification.   *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (referencing a guideline that a class action cannot be comprised of less than 21 members). They have listed potential members in their Declarations, and have estimated the total number of potential members to exceed 50.   The court concludes, therefore, that under the more relaxed collective action standard, the Plaintiffs have adequately demonstrated that sufficient potential members exist.

Finally, the court is not persuaded by the Defendant's argument that a different burden of proof should apply in this case because the Plaintiffs have already informally notified some

potential members of the collective action.   The unpublished district court case relied upon by the Defendant, *Williams*, did not follow the two-step analysis generally applied in FLSA collective action cases in part because the parties "engaged in the necessary discovery for the court to make the decision as to whether this is an appropriate case for a collective action." *See Williams*, 2006 WL 2085312, at *4.   Even if the court were persuaded that such a circumstance could make it appropriate not to follow the two-step process, discovery has not occurred in the instant case.   The court, therefore, finds that the two-step process generally applied should be applied in this case.

In conclusion, the Plaintiffs have sufficiently met their burden under the first step of FLSA collective action certification of showing that there are employees of the Defendant who desire to opt-in and are similarly-situated.   The Motion for Conditional Certification is due to be GRANTED.   Conditional certification, of course, is based upon a preliminary finding, which discovery may reinforce or undermine.   If discovery reveals that the Plaintiffs and the members of the conditionally certified collective action are not similarly-situated, the Defendant may move to decertify the collective action under the prescribed two-step process.   *Harper*, 185 F.R.D. at 365.

### III.   CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

(1) The Plaintiffs' Motion for Conditional Certification and to Facilitate Notice Pursuant to §216 of the Fair Labor Standards Act (Doc. #68)   is GRANTED with respect to a collective action as described in this Memorandum Opinion.

(2) The parties are Directed to file with the court an agreed upon Notice and Consent to

Join, which includes an agreed-upon definition of the members of the collective action,[3] **on or before March 23, 2015**.

Done this 9th day of March, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The Defendant and the Plaintiffs should agree upon a date which clarifies the date at which the three-year time period begins to run.